UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RUSSELL THOMAS,          )<br>     Plaintiff,          )<br>          )<br>v.          )<br>          )<br>THE STANDARD FIRE INSURANCE )<br>COMPANY,          )<br>     Defendant.          ) | CAUSE NO.: 2:21-CV-211-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss [DE 9], filed July 23, 2021. Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**I.   Background**

On June 2, 2021, Plaintiff filed his Complaint in Lake Superior Court, Lake County, Indiana. Plaintiff alleges that Defendant breached its insurance contract with him for failing to pay underinsurance coverage, was guilty of bad faith, was guilty of abuse of process, and that Plaintiff is entitled to punitive damages. On July 2, 2021, the matter was removed to this Court by Defendant. Defendant filed this Motion to Dismiss on July 23, 2021. Plaintiff responded on July 29, 2021, and Defendant filed a reply on August 5, 2021.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.   Standard of Review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery

will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

**III. Analysis**[1]

Defendant argues that Plaintiff's claim for breach of contract fails because it fails to plead the necessary elements of a breach of contract claim. Under Indiana law, "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).

Defendant argues that the Complaint does not satisfy the basic elements of a breach of contract claim because it does not plead that Plaintiff made a demand under the applicable insurance policy (to establish breach) and that his losses were not covered by the other driver's insurance (to establish damages). Defendant asserts that Plaintiff's allegations are mere conclusions, rather than factual statements. Plaintiff argues that his pleadings are sufficient under Indiana pleading standards.

Although both Indiana and the United States District Court for the Northern District of Indiana are notice pleading jurisdictions, federal courts apply federal procedural law. *Ahepa Nat'l*

---

[1] Defendant included Plaintiff's Complaint and its Exhibit as exhibits to its motion. The general rule is that, when documents are submitted with a Rule 12(b)(6) motion to dismiss, the Court must either convert the motion into a motion for summary judgment under Rule 56 or set aside the documents attached to the motion and rule on the motion to dismiss under Rule 12(b)(6). *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, the pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). The Court declines to convert the motion to a motion for summary judgment since the documents attached are considered part of the pleadings. *See Wright v. Assoc'd Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.").

*Hous. Corp. v. Ahepa 53-Ii*, 2020 U.S. Dist. LEXIS 140549, at *8 (S.D. Ind. Aug 6, 2020). Pleadings must still be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). It is not the Court's responsibility to go searching through the Complaint to determine if there are statements which, when cobbled together, might rise to the level of an actionable claim under any of various legal theories. *See Windy City Metal Fabricators*, 536 F.3d at 667-68 (7th Cir. 2008) ("In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that 'it is plausible, rather than merely speculative, that he is entitled to relief.' A complaint must do more than merely '*avoid foreclosin*g possible bases for relief.' It 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'") (quoting *Tamayo*, 526 F.3d at 1083, 84; citing *Twombly,* 550 U.S. 555-56).

Plaintiff alleges that Defendant insurance company failed to pay damages incurred by Plaintiff following an accident with another motorist who was un- or under-insured. The Complaint does not include any allegations that Plaintiff made a demand on Defendant for any losses. Plaintiff only includes the conclusory statement: "Plaintiff has performed all conditions precedent for the performance of the Defendant." Compl. ¶ 7 [DE 3]. This is a legal conclusion, and not sufficient to state a claim for relief.

The Complaint does not include any allegations of the amount of Plaintiff's losses or of the other driver's coverage limits to support a claim that those limits were less than the losses. Indiana statutes define an underinsured motor vehicle as:

> For the purpose of this chapter, the term underinsured motor vehicle, subject to the terms and conditions of such coverage, includes an insured motor vehicle where the

> limits of coverage available for payment to the insured under all bodily injury liability policies covering persons liable to the insured are less than the limits for the insured's underinsured motorist coverage at the time of the accident, but does not include an uninsured motor vehicle as defined in subsection (a).

Ind. Code Ann. § 27-7-5-4. Under Indiana law, the test of whether a vehicle is underinsured is the difference between how much the insured received and the underinsured limit. *Lakes v Grange Mut. Cas. Co.*, 964 N.E.2d 796, 803 (Ind. 2012) as corrected (June 5, 2012). The insurance policy at issue contains a definition of Uninsured Motor Vehicle:

> "Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of the limits of liability available for payment to the "insured" under all bodily injury liability bonds or policies applicable at the time of the accident is either:
> 1. Less than the limit of liability for this coverage; or
> 2. Reduced by payments to persons, other than "insureds", injured in the accident to less than the limit of liability for this coverage.

Compl. Ex. A. p. 22 [DE 3]. Plaintiff's Complaint provides no factual assertions as to any of these standards, but merely contains the conclusory statement "an underinsured motorist . . . was at fault" for the accident giving rise to the case. Compl. ¶ 2 [DE 3]. This is insufficient to state a claim for breach of contract.

Defendant also argues that Plaintiff has abandoned his bad faith, abuse of process, and punitive damages claims by failing to respond to Defendant's Motion to Dismiss those claims. Plaintiff's Complaint contained no allegations of any substance relative to any of those claims, and Plaintiff failed to address those defects in response to the motion to dismiss. Accordingly, dismissal is appropriate.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss [DE 9], without prejudice. The Court **ORDERS** that any motion for leave to amend the Complaint must

5

be filed by November 4, 2021.

    SO ORDERED this 8th day of October, 2021.

                                          s/ John E. Martin  
                                          MAGISTRATE JUDGE JOHN E. MARTIN  
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record